1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  STACEY LELAND GAYLORD,                    1:11-cv-00836-LJO-DLB (HC)

10                    Petitioner,            ORDER DISMISSING PETITION FOR WRIT
                                             OF HABEAS CORPUS, DIRECTING CLERK
11          v.                               OF COURT TO TERMINATE ACTION, AND
                                             DECLINING TO ISSUE A CERTIFICATE OF
12                                           APPEALABILITY
     JAMES HARTLEY,
13                                           [Doc. 1]
                      Respondent.
14   _____/

15
16          Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28
17   U.S.C. § 2254.

18                                      **DISCUSSION**

19          Petitioner filed the instant petition for writ of habeas corpus on May 23, 2011.  Petitioner
20   challenges a 2009 decision of the parole board finding him unsuitable for parole.  Recently, in
21   Swarthout v. Cooke, ___ U.S.___, 131 S.Ct. 859, 2011 WL 197627 (2011), the Supreme Court
22   held that "the responsibility for assuring that the constitutionally adequate procedures governing
23   California's parole system are properly applied rests with California courts" alone. Id., 131 S.Ct.
24   at 863.  The Supreme Court stated that a federal habeas court's inquiry into whether a prisoner
25   denied parole received due process is limited to determining whether the prisoner "was allowed
26   an opportunity to be heard and was provided a statement of the reasons why parole was denied."
27   Id., at 862, *citing*, Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16
28   (1979).  Review of the instant case reveals Petitioner was present at his parole hearing, was given

1

an opportunity to be heard, and was provided a statement of reasons for the parole board's

decision. (See Attachments to Petition.) According to the Supreme Court, this is "the beginning

and the end of the federal habeas courts' inquiry into whether [the prisoner] received due

process." Swarthout, 131 S.Ct. at 862. "The Constitution does not require more [process]."

Greenholtz, 442 U.S. at 16. Therefore, Petitioner's claims concerning the 2009 parole decision

are not cognizable and must be dismissed.

Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

district court's denial of his petition, and an appeal is only allowed in certain circumstances.

Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining

whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
> district judge, the final order shall be subject to review, on appeal, by the court
> of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the
> validity of a warrant to remove to another district or place for commitment or trial
> a person charged with a criminal offense against the United States, or to test the
> validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an
> appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the
>> detention complained of arises out of process issued by a State
>> court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the
> applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which
> specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of

appealability "if jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473,

484 (2000).  While the petitioner is not required to prove the merits of his case, he must

demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

### ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:    June 8, 2011**                                    _____/s/ Lawrence J. O'Neill_____
                                                                  UNITED STATES DISTRICT JUDGE